UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Carl Ray McNeill, | ) | Case Number: 2:16-cv-191-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Complaint** |
| | ) | (Negligence/Pedestrian/Motor Vehicle Collision) |
| Dewayne Alexander Marshall and | ) | (Jury Trial Requested) |
| Marketing Associates, Inc. d/b/a | ) | |
| Applied Polymerics, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendants above-named, hereby alleges and pleads as follows:

1. Plaintiff is a citizen and resident of the County of Dorchester, State of South Carolina.

2. Defendant Marketing Associates, Inc. d/b/a Applied Polymerics, Inc. (hereinafter "Marketing"), upon information and belief, is a corporation existing under the laws of the State of North Carolina.

3. Defendant Dewayne Alexander Marshall (hereinafter "Marshall") is a resident of the State of North Carolina.

4. At all relevant times hereto, the most substantial part of the acts and omissions committed by Defendants giving rise to this action occurred in Charleston County, South Carolina.

1

5. At all relevant times, Defendant Marshall was an officer, director, agent, and/or employee of Defendant Marketing and was acting within the course and scope of his employment and/or work with Defendant Marketing.

6. At all relevant times, Defendant Marketing was the employer and/or principal of Defendant Marshall and Defendant Marketing exercised control over the conduct of Defendant Marshall and had the right to control the time, manner, and method of Defendant Marshall's employment and/or work.

7. At all times relevant hereto, Defendant Marshall was driving a vehicle owned by Defendant Marketing.

8. On or about November 17, 2015, Plaintiff was working at property located on Interstate 526 in Charleston County. Plaintiff was standing in a designated work zone when Defendant Marshall was backing up a ramp and ran over the Plaintiff. Defendant Marshall was driving a 2005 Ford Truck (USDOT Number 803417) at the time of the subject collision.

9. At all relevant times, Plaintiff exercised due care and was not at fault in any way in causing the subject collision.

### For a First Cause of Action Against Defendant Marshall
(Negligence)

10. Plaintiff realleges and reiterates the allegations contained in Paragraphs 1 through 9 above as if set forth herein verbatim.

11. Defendant Marshall owed a duty to the Plaintiff to operate his vehicle safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

12. Defendant Marshall was negligent, willful, wanton, and reckless and breached the duties he owed to the Plaintiff in one or more of the following ways:

      (a)     In failing to maintain control of his vehicle;

      (b)     In failing to pay attention to his driving;

      (c)     In failing to maintain a proper lookout;

      (d)     In failing to observe other pedestrians on the roadway and/or designated work zone;

      (e)     In failing to properly apply the brakes of the vehicle he was operating;

      (f)     In failing to keep the vehicle he was driving in proper working order; and

      (g)     In failing to act as a reasonable and prudent driver would act under the same or similar circumstances.

13. Defendant Marshall's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the November 17, 2015 collision described herein.

14. As a direct and proximate result of Defendant Marshall's negligent, careless, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to his body, mental, emotional, and psychological damage, and past and future loss of the quality of life and life's activities.

**For a First Cause of Action Against Defendant Marketing**
(Doctrines of *Respondeat Superior* and Agency)

15. Plaintiff realleges and reiterates the allegations contained in Paragraphs 1 through 14 above as if set forth verbatim herein.

16. Defendant Marketing is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful and wanton conduct of its employee and/or agent, Defendant Marshall, such conduct consisting of one or more of the particulars described herein.

### For a Second Cause of Action Against Defendant Marketing
(Negligence)

17. Plaintiff realleges and reiterates the allegations contained in Paragraphs 1 through 18 above as if set forth verbatim herein.

18. Defendant Marketing owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, training, retention, and supervision of its employees and agents, and in the entrustment of vehicles to its employees and agents, including Defendant Marshall.

19. At all times relevant hereto, Defendant Marketing was negligent, willful, wanton, careless, and reckless in one or more of the following ways:

   a) In the training, hiring, retention, and supervision of its employees and agents, including Defendant Marshall;

   b) In negligently entrusting the subject vehicle to Defendant Marshall;

   c) In failing to train its agents and employees, including Defendant Marshall, on the proper operation of a motor vehicle;

   d) In failing to adopt procedures for the safe operation of its motor vehicles; and

   e) In failing to act as a reasonable and prudent person and/or entity would act under the same or similar circumstances.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff alleged herein.

20.     Defendant Marketing's negligent, careless, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the collision and injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to his body, mental, emotional, and psychological damage, and past and future loss of the quality of life and life's activities, for the costs of this action, and for any additional relief this Court deems just and proper.

JOYE LAW FIRM, L.L.P.

By:     s/Mark C. Joye
Mark C. Joye (Federal ID:  5312)
markjoye@joyelawfirm.com
Ken W. Harrell (Federal ID:  5089)
kharrell@joyelawfirm.com
Post Office Box 62888
5861 Rivers Avenue, Suite 101 (29406)
North Charleston, SC 29419
Office: 843-554-3100
Facsimile: 843-529-9180

Attorneys for Plaintiff

North Charleston, South Carolina
This 20th day of January, 2016.

5